IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

In re: MYRON EDWARDS,

        Debtor-Appellant,

OPINION & ORDER

17-cv-917-jdp

---

Myron Edwards appeals pro se from a November 6, 2017 order of the bankruptcy court denying his motion to reopen a Chapter 7 bankruptcy petition filed in 2011. Edwards contends that the bankruptcy court erred in declining to reopen his case so that he could challenge the court's previous conclusion that his restitution obligations are not dischargeable. Because Edwards's appeal is untimely, I am dismissing the appeal for lack of jurisdiction.

Under Bankruptcy Rule 8002(a), Edwards had 14 days from the date the bankruptcy court entered the order to file an appeal. Edwards dated his appeal December 3, 2017, and the court received it on December 6, 2017. Dkt. 1. Under either date, Edwards' appeal is untimely.

Edwards says that he did not receive notice of the bankruptcy court's order until November 27, 2017, but that is not a ground for excusing an untimely appeal, for two reasons. First, if Edwards needed an extension of time, he could have filed such a request with the bankruptcy court up to 21 days after the deadline expired. Fed. R. Bankr. P. 8002(d)(1). Second, the court of appeals has held that the time limits in Rule 8002 are jurisdictional and this court cannot extend them for equitable reasons, even if the appellant alleges that he did not receive timely notice. *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016). Because this court lacks jurisdiction, the court will dismiss Edwards's appeal and deny his pending motions as moot. Dkt. 3; Dkt. 17; Dkt. 22.

Even if Edwards's appeal were timely, he would not be entitled to relief. When determining whether to reopen a case, the bankruptcy court has "broad discretion," but may consider factors such as the length of time that the case has been closed, whether the debtor would be entitled to relief if the case were reopened, and the availability of nonbankruptcy courts, such as state courts, to entertain the claims. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010) (citing 11 U.S.C. § 350(b)).

In this case, Edwards was trying to reopen a proceeding that had concluded in April 2012 and he was seeking reconsideration of an order the bankruptcy court issued in July 2012, denying a previous motion to reopen. Under these circumstances, the bankruptcy court was well within in its discretion in finding that Edwards' motion to reopen was untimely. If Edwards believed that the bankruptcy court erred when it concluded in 2012 that his restitution was not dischargeable, he should have appealed the decision then. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A collateral attack on a final judgment is not a permissible substitute for appealing the judgment within the time . . . for appealing the judgment."). Edwards again alleges that he did not receive a copy of the bankruptcy court's order in 2012, but he fails to explain why he waited more than five years to check the status of his case. So even if I could exercise jurisdiction over Edwards's appeal, I would affirm the decision of the bankruptcy court.

ORDER

IT IS ORDERED that Myron Edwards's appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.

Entered September 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge